UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

        Plaintiff,                CIVIL ACTION NO. 18-cv-10382

        v.                          DISTRICT JUDGE MARIANNE O. BATTANI

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Anthony Wilson seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant's Motion for Summary Judgment (docket no. 14).  The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 3.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

    For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 14) be **GRANTED**.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on April 23, 2014, alleging that he has been disabled since June 27, 2012, due to low back pain that radiates into the legs, neck pain that radiates into the shoulders, mid-back pain, and balance problems.  (TR 23, 176-77, 200.)  The Social Security Administration denied Plaintiff's claims on August 12, 2014, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge (ALJ).  (TR 53-64, 77-78.)  On August 31, 2016, Plaintiff appeared with a representative and testified at a hearing before ALJ Andrew G. Sloss, and he amended his alleged onset date to August 24, 2015.  (TR 37-52, 195.)  The ALJ subsequently issued an unfavorable decision on September 12, 2016, and the Appeals Council declined to review the ALJ's decision.  (TR 1-7, 23-31.)  Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 12 at 5-8), Defendant (docket no. 14 at 4-5) and the ALJ (TR 27-29, 30) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

**IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of August 24, 2015, and that Plaintiff suffered from the following severe impairments: degenerative disc disease, osteoarthritis, and carpal tunnel syndrome. (TR 25.)  Additionally, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 25-26.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps or stairs and balance. He must also avoid concentrated exposure to vibration.

(TR 26-29.)  Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy.  (TR 30.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from August 24, 2015, through the date of the decision.  (TR 23, 30.)

**V.    LAW AND ANALYSIS**

**A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try

cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.   Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)   Plaintiff was not presently engaged in substantial gainful employment; and

(2)   Plaintiff suffered from a severe impairment; and

(3)   the impairment met or was medically equal to a "listed impairment;" or

(4)   Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed for an award of benefits or remanded for further proceedings under sentence four because the ALJ created an inaccurate RFC and therefore erred at step five of the sequential evaluation process by finding that Plaintiff could perform a significant number of jobs in the national economy. (Docket no. 12 at 9, 10-13.) Specifically, Plaintiff argues that the ALJ's RFC assessment and hypothetical questions to the VE fail to account for Plaintiff's limitations in handling, fingering, stooping, and crouching. (*Id*. at 10-13.)

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5. It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id*. He must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7. In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis. *Id.* The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. However, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence that he finds to be well supported and consistent with the record as a whole.

Plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments through step four of the sequential evaluation process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Her*, 203 F.3d at 391. Accordingly, it is Plaintiff's burden to

prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her*, 203 F.3d at 392).

Plaintiff argues that the ALJ should have included limitations related to handling, fingering, stooping, and crouching in the RFC because: (1) Plaintiff has been diagnosed with carpal tunnel syndrome through objective testing; (2) MRI imaging shows degenerative disc changes; and (3) the ALJ found that Plaintiff's carpal tunnel syndrome and degenerative disc disease are severe impairments. (Docket no. 12 at 10-13 (citing TR 25, 357-58, 472, 514).) Plaintiff's arguments have been rejected by the Sixth Circuit, however. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)) ("[T]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other."). Under this precedent, an ALJ is not required to automatically include functional limitations in a claimant's RFC just because the claimant has been diagnosed with an impairment or because the ALJ determined that the impairment is severe.

Moreover, besides generally asserting that the ALJ should have assessed limitations related to handling, fingering, stooping, and crouching, Plaintiff does not indicate what functional limitations he actually has with regard to those activities. Nor has he cited any objective medical evidence, treatment records, or medical opinion evidence which reflect that he has any such limitations. The only record evidence that Plaintiff has cited in this regard is his hearing testimony that he often has numbness and tingling in his hands. (Docket no. 12 at 11 (citing TR 44).) But this testimony still does not identify any specific limitations. Furthermore, the ALJ is not required to accept Plaintiff's subjective complaints, and he did not do so here. *Jones*, 336 F.3d at 476; TR

7

27. Plaintiff has not met his burden of proving that he has any limitations related to handling, fingering, stooping, or crouching that the ALJ should have included in the RFC.

Here, in evaluating the record and determining that Plaintiff had the RFC to perform a limited range of light work, the ALJ discussed and gave great weight to the May 15, 2015 opinion of Plaintiff's treating physician, Alexander Malayev, M.D., who reported that Plaintiff's physical examination was within normal limits in all areas except for the musculoskeletal area and opined that Plaintiff was stable and could work at his usual occupation with physical limitations, specifically, that Plaintiff could stand and/or walk for about eight hours and sit for less than eight hours in an eight-hour workday. (TR 28, TR 545-53.) The ALJ also noted Plaintiff's conservative treatment for his musculoskeletal pain. (TR 28.) Additionally, the ALJ relied upon the opinion of the state-agency physician, who opined that Plaintiff could perform work at the light exertional level, could frequently stoop and crouch, and had no manipulative limitations. (TR 29, 57, 60-61.) The ALJ weighed the medical and non-medical evidence in conjunction with Plaintiff's subjective complaints and developed a physical RFC based on the evidence that he found to be consistent with and supported by the record.

The ALJ then included all of the limitations of the RFC in his hypothetical questions to the VE, and the VE testified that there were jobs available for a person with those limitations, which the VE cited in detail. (TR 49-50.) The ALJ then properly relied on the VE's testimony to determine that there are significant numbers of jobs available that Plaintiff can perform. The ALJ's RFC assessment and decision at step five of the sequential evaluation process are based on substantial evidence, and they should not be disturbed.

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 12) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 14).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  January 2, 2019              s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

   I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  January 2, 2019   <u>s/ Leanne Hosking</u>
             Case Manager